**Rubina Begum Ahmed SHAIKH;
Khadim Hussain,
Petitioners,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–70870.

Agency Nos. A75–590–364, A75–590–365.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Jan. 3, 2005.

Garish Sarin, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Donald A. Couvillon, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before REINHARDT, HALL, and WARDLAW, Circuit Judges.

MEMORANDUM**

Rubina Shaikh, a native and citizen of India, and her husband, Khadim Hussain, a native and citizen of Pakistan, petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial of their applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Substantial evidence supports the BIA's decision that Shaikh and Hussain failed to establish a well-founded fear of persecution in their respective countries of origin. Although Shaikh presented evidence of the violence affecting all Muslims in India, she did not demonstrate that the Indian government systematically persecutes all Muslims, nor did she specify any personal experiences pertaining to individual targeting for persecution. *See Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir.1994). Shaikh has never been questioned, detained, or arrested by the Indian government, her family

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

continues to reside in India without harm, and, although the Indian government detained her father to inquire into the location of her husband, there is no evidence that anything other than legitimate objectives motivated this detention. Similarly, although Hussain presented evidence about the violence in Pakistan, he did not show that "his predicament is appreciably different from the dangers faced by [his] fellow citizens." *Id.* (quotations omitted; alteration in original).

Because Shaikh and Hussain cannot satisfy the lesser standard of proof required to establish eligibility for asylum, they necessarily fail to satisfy the standard for withholding of removal. *See Khourassany v. INS,* 208 F.3d 1096, 1101 (9th Cir.2000).

**PETITION DENIED.**